JOHN T. COUNCIL *vs.* JOHN S. WILLIS and ANGUS W. FADGEN.

1. Where a judgment was obtained in a court of law, and an injunction was afterwards issued to restrain the collection of it, which injunction was dissolved and judgment entered upon the injunction bond ; *Held*, that a motion to vacate the latter judgment, upon the allegation that the *original one* had been satisfied by payment to the sheriff could not be entertained.

2. If such payment had been made, the regular and proper course would have been to plead the same, or to have satisfaction entered upon the record, and not to offer proof of payment upon a motion to vacate a regular judgment.

This was a motion to vacate a judgment on an injunction bond, heard before Russell, Judge, at Fall Term 1871 of Bladen Superior Court.

The facts upon which this motion were predicated are stated sufficiently in the opinion delivered by the Court. The motion was overruled by His Honor, from which the defendant appealed to the Supreme Court.

*W. McL. McKay* for the plaintiff.
*Strong* and *Young* for the defendant.

Reade, J. The facts, so far as they are necessary to be stated, are, that defendants had judgment at law against plaintiff; which judgment the plaintiff filed a bill in equity to enjoin, and did enjoin temporarily; but the injunction was afterwards dissolved, and then the defendants failing to make the money on their judgment at law, obtained judgment against

the plaintfff upon the injunction bond, at June Term 1867. And this motion is to vacate the judgment obtained on the injunction bond. These is no irregularity apparent on the record, and therefore the motion was properly overruled. The fact relied on as affording merit to the plaintiff's cause, was a receipt exhibited from the Sheriff, who had the execution in the original judgment at law for collection, which receipt was dated 5th Oct. 1854, and was for so much, in full payment of the execution.

The proper way for plaintiff to have availed himself of this receipt was to plead it in *satisfaction* of the judgment and not offer it upon motion to *vacate*. Why vacate a regular judgment because it had been satisfied? If, however, the receipt were what it purports to be, we should regret that the plaintiff should lose the benefit of it, by a technical slip, and if there were any other way to give him the substantial benefit of it, we would do so, but it was conceded, that the payment to the sheriff was in Confederate Treasury notes, which had ceased to have value in the payment of old debts; as this was, and their worthlessness was notice, both to the Sheriff and to the plaintiff, that they would not be received by the creditor. Probably for this reason the payment was not *pleaded*. So it would seem that the plaintiffs defence was as unconscientious as it was informal.

No error.

PER CURIAM.                    Judgment affirmed.